# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 709 | **DATE** | 2/6/2003 |
| **CASE TITLE** | Longview Aluminum, LLC vs. Alcoa, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 3/26/03 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Longview's counsel are ordered to file an amendment to Complaint ¶1's first sentence in this Court's chambers - - with a copy being transmitted to Alcoa's counsel if known or, if not, to Alcoa itself - - on or before February 14, 2003. If no timely filing were to be made, or if the filing were to disclose the absence of diversity, this court would be constrained to dismiss both the complaint and this action fo lack of subject matter jurisdiction. Pretrial order on reverse of minute order.
(11) ■ [For further detail see order on the reverse side of the original minute order.] order attached to the original minute

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 07 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 2 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/6/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 0 7 2003

LONGVIEW ALUMINUM, LLC, )
)
Plaintiff, )
)
v. ) No. 03 C 709
)
ALCOA, INC., )
)
Defendant. )

MEMORANDUM ORDER

Longview Aluminum, LLC ("Longview") has brought this action against Alcoa, Inc. ("Alcoa") under the auspices of diversity jurisdiction, seeking what is characterized as "declaratory, injunctive and other relief." This memorandum order is issued sua sponte to require Longview's counsel to cure an obvious jurisdictional defect in its Complaint.

It might have been expected that an experienced firm of federal practitioners capable of producing such a well-drafted complaint[1] would be well aware of a jurisdictional principle that has been well established for something over four years. But that is clearly not the case, for even though Complaint ¶2 identifies both facets of Alcoa's dual corporate citizenship under 28 U.S.C. §1332(c)(1), all that Complaint ¶1 says in purported reference to Longview's citizenship is this:

> Longview Aluminum, LLC ("Longview") is a Delaware limited liability company, with its corporate headquarters in Chicago, Illinois.

---

[1] No opinion is expressed or implied here, of course, as to the substantive viability of Longview's claim.



But ever since Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) it has been clear that neither the state of organization nor the principal place of business of a limited liability company is at all relevant for diversity of citizenship purposes. Instead the determinative citizenship is that of each of the members of that entity, a concept that requires peeling through several layers if any of those members is in turn an entity other than an individual or a corporation.

Accordingly Longview's counsel are ordered to file an amendment to Complaint ¶1's first sentence (not a self-contained Amended Complaint, as some lawyers in other cases, exhibiting anticonservationist tendencies, have filed in the past) in this Court's chambers--with a copy being transmitted to Alcoa's counsel if known or, if not, to Alcoa itself--on or before February 14, 2003. If no timely filing were to be made, or if the filing were to disclose the absence of diversity, this Court would be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction. But in anticipation that such would not likely be the case, this Court is contemporaneously issuing its customary minute order setting the procedures for and the timing of an initial status hearing date.

                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: February 5, 2003